CHARLES MULHOLLAN, Executor, *v.* FRANCIS HENDERSON and others.

A prayer for a trial by jury, by one of two or more debtors bound *in solido*, will not enure to the benefit of those who have not joined therein.

Under the act of 28th February, 1837, actions against the sureties of a sheriff on his official bond, are prescribed by the lapse of two years.

APPEAL from the District Court of Rapides, *King*, J.

SIMON, J. Two of the defendants, Henderson and Texada, are appellants from a judgment condemning them to pay, *in solido*, the sum of five hundred and sixty-seven dollars and fifty cents, as two of the securities on the bond of a former sheriff of the parish of Rapides.

It appears that, in the months of July and November, 1835, William J. Calvit, sheriff of that parish, sold, by virtue of two exetions issued at the suit of judgment creditors of one Alfred J. Hall, two slaves. The slaves were sold and adjudicated separately, but the prices of the two amounted together, to the sum of $1930, payable in cash. Sometime before the executions were issued, (in November, 1834,) the two slaves had been at tached at the suit of the plaintiff Mulhollan, who obtained judgment against Hall in May, 1837. The amount of the sales being more than sufficient to satisfy the two executions by virtue of which the slaves had been sold, the balance remained in the hands of the sheriff, subject to the satisfaction *pro tanto* of the claim set up by Mulhollan, and standing in lieu of the property attached, to abide the judgment of the court to be subsequently rendered. The plaintiff complains that the sheriff has failed to pay him the whole of the balance remaining in his hands ; and this suit is an attempt to make the sheriff's securities liable, *in solido*, for the payment of the balance.

The defendants answered separately, pleaded the general issue, and relied mainly on the prescriptions of one and two years. One of them, Robert A. Crain, prayed for a trial by jury ; and the case having been called for trial, after the jury had been discharged, was continued with regard to the defendant Crain, and

tried as to the others. Judgment was rendered against two of the defendants.

The record contains a bill of exceptions taken to the opinion of the inferior judge overruling the objection made by the appellants to going to trial, on the grounds that the jury had been discharged for the term ; that the defendant, R. A. Crain, having prayed for a jury, the said prayer enured to their benefit ; and that the case could not be tried as to a part of the defendants, and continued as to the rest.

The defendants are clearly bound, *in solido*, by the very terms of their obligation, and could have been sued separately for the whole amount claimed. This is exactly the question which arose in the case of *Smith* v. *Scott and another*, just decided, *ante*, p. 258, in which we held that a prayer for a trial by jury, made by one of two or more co-debtors *in solido*, could not enure to the benefit of those who had not joined in the prayer. The District Judge did not err in overruling the defendants' objection.

On the merits, we think that the defendants' plea of prescription must prevail. The right of the plaintiff to call upon the sheriff for the sum then in his hands, in order to apply it *pro tanto* to the satisfaction of his judgment, accrued in May, 1837. It was then that the sheriff was to be put *in mora ;* and the present suit was instituted in March, 1841, nearly four years after the right had accrued. Before the enactment of the law of the 28th of February, 1837, it had been held by this court that actions against sheriffs, personally, for damages, and not actions on their official bonds alleging breaches thereof, were prescribed by one year, the latter arising *ex contractu* and not *ex delicto*. 6 Mart. N. S. 665, 691. This is the extent of the decision of this court in the case of *Brown* v. *Gunning's Curatrix et al.*, 19 La. 470. But the statute above quoted, has provided, " *that no sheriff or his security, or securities*, shall be able to prescribe against his acts of misfeasance, *non feasance*, torts, offences and quasi offences, but after the lapse of two years from the day of the commission of the acts complained of," &c. This provision is clearly applicable to the present case, as the words *security or securities* used in the law, were undoubtedly intended

in reference to the actions which may be brought on sheriffs' offi-
cial bonds, for breaches thereof; particularly as this is the only
way in which such securities can be made legally responsible for
the acts of their principals. The law of 1837 seems to cover all
the cases in which sheriffs' securities can be made liable, and. such
as it is, its provisions must have their effect. We are of opinion
that the plaintiff's action was prescribed by the lapse of two years,
since his right accrued.

It is, therefore, ordered that the judgment of the District Court
be annulled, and that ours be in favor of the defendants and ap-
pellants, with costs in both courts.

*Brewer*, for the plaintiff.

*Flint*, for the appellants.