## Amos Palmer and others v. Eneas Smith and another.

The prescription of one year does not apply to an action against the consignees of a ship, for damages for a failure to comply with their obligations as such. Their liability is *ex contractu*, not *ex delicto*. C. C. 2972.

Certain boxes of merchandise, directed to one M., who lived in the country, were delivered by the consignees, on the arrival of the ship, to his agents, to be forwarded to him, though no bill of lading was produced. "M., to whom the goods were sent, was insolvent. The bill of lading was afterwards produced by the agent of the shipper, according to the tenor of which, the goods were to be delivered to the latter; but there was no evidence that this fact was made known to the consignees, either by the captain, or the agent of the shipper, before the delivery. It was proved to be the custom, where the person to whom goods are to go is known, to forward them by the first safe opportunity, without waiting for the bill of lading, which is sometimes delayed, and sometimes never arrives. In an action by the owners of the ship, from whom the value of the goods had been recovered in a suit by the shipper in another State, against the consignees: *Held*, that the accident by which the goods were lost, was in a great measure created by the direction put on them by the shipper,

and by the tardiness of the notice to the defendants; and that the latter were, consequently, not responsible for the loss.

APPEAL from the Distrct Court of the First District, *Buchanan*, J. The plaintiffs, as owners of the ship Huntsville, instituted this action against the defendants, the consignees of the ship, to recover the value of three boxes of goods, shipped by the Huntsville, directed to Henry H. Milly, Alexandria, Louisiana, alleged to be the property of one Von Wagenan of New York. They aver that the boxes were consigned, and deliverable only to the order of one James Armor of New Orleans; that, in a reasonable time after the arrival of the ship, and before her cargo had been discharged, Armor presented the bill of lading and order to the defendants and demanded the delivery of the boxes, but that the latter failed to deliver the same to Armor, having given them up to persons who were not entitled to receive them, in consequence of which they have been lost to the owner. The plaintiffs further allege, that Von Wagenan, the owner, has since, in the city of New York, recovered judgment for the value of said boxes against them, which judgment they have been compelled to pay.

The defendants pleaded the prescription of one year, and the general issue. Further, that the boxes of goods were taken possession of by Kirkman, Abernathy & Hanna, acting as agents of the shipper, and by them forwarded to Milly, to whom they were consigned. They cited Kirkman, Abernathy & Hanna in warranty. The latter averred that the goods were delivered to them, as the agents of Milly, at their counting-house; that no orders accompanied the delivery; and that, an immediate opportunity occurring, they forwarded them at once to Milly, according to the directions on the boxes, and the custom of the city. They denied that they were agents of the owner, or shipper of the goods.

The evidence introduced on the trial, is correctly stated in the opinion delivered by MORPHY, J. There was a judgment in the District Court in favor of the defendants, from which the plaintiffs appealed.

*Emerson*, for the appellants. This action is substantially for

debt, and not damages, and, therefore, the prescription of one year cannot be invoked.

An agent is bound to make a full indemnity to his principal for any compensation which the latter has been obliged to make for the acts or omissions of the former. Story's Agency, 218. *Marzetti* v. *Williams*, 1 B. & Adolph. 415. The principal may recover all he has been obliged to pay in consequence of the negligence or misconduct of his agent. Story's Ag'y., 190. *Mainwaring* v. *Brandon*, 8 Taunton, 202. Maule & Selw. 301, *note.*

*Roselius*, for the defendants. The sole cause of action set forth in the plaintiffs' petition is a *quasi-délit*—negligence and carelessness are the principal averments. Consequently, the prescription of one year bars the action. Merlin, Répertoire, *verbo* Quasi-délit, vol. 26, p. 239. Civil Code, arts. 2294, 2295, 2296, 3501.

It is not shown that Smith & Voorhees had any knowledge of the assignment of the bill of lading. The boxes containing the goods were directed to Milly, the purchaser, at Alexandria, Louisiana ; they were delivered to Kirkman, Abernathy & Hanna, his agents in New Orleans, by whom the goods were regularly forwarded to Alexandria, and received by Milly. So far, therefore, there was nothing wrong. But the plaintiffs insist, that as the goods, according to the tenor of the bill of lading, were to be delivered to the order of Von Wagenan, that the consignees of the ship acted illegally in delivering them without the production of the bill of lading. Nothing proves, however, that this fact was known to the consignees of the vessel, at the time the goods were delivered. The consignees cannot be presumed to know the contents of the bills of lading. The argument would certainly be much stronger against the captain of the vessel. Be this, however, as it may, the record furnishes evidence, that it was the intention of the parties to have the goods delivered to Kirkman, Abernathy & Hanna ; and, in truth, there was no error in the delivery,

The judgment obtained against the plaintiffs in the suit instituted by Von Wagenan, cannot preclude the present defendants from showing that they have incurred no liability.

Morphy J. This suit is brought to recover of the defendants,

as consignees of the ship Huntsville, the value of three boxes of goods, shipped in New York on board the said ship, under the following circumstances : The three boxes of merchandise, had been sold to Henry H. Milly by one William F. Von Wagenan of that city, and marked " Henry H. Milly, Alexandria, Louisiana," and the bill of lading taken for them was assigned by the shipper to James Armor of this city, with instructions not to deliver them until Milly had given a note, satisfactorily endorsed, for a balance of the price yet due to the seller. Upon the arrival of the ship in New Orleans, about the middle of September, 1839, the goods were landed, and delivered to Kirkman, Abernathy & Hanna, the commission merchants of Milly, by whom they were immediately forwarded to their appointed place of destination, Alexandria. Milly having absconded shortly after, without paying the balance due the shipper for these goods, the amount was claimed and recovered of the owners of the Huntsville in New York by Von Wagenan, the shipper, on the ground of the non-delivery of the boxes of goods in New Orleans, according to the bill of lading. The present action, which was instituted on the 18th of June, 1841, has for its object to render the defendants liable for their alleged negligence in delivering the goods to Milly's agents, without the production of the bill of lading. The defendants pleaded the general issue, and the prescription of one year. They had a judgment below in their favor, from which the plaintiffs have appealed.

The plea of prescription cannot be sustained. This is clearly an action against the defendants, as agents. They are sought to be made liable, on an alleged failure to comply with their obligations as consignees of the Huntsville. Their liability, therefore, if any exists, arises *ex contractu* and not *ex delicto*. Civil Code, art. 2972. 3 La. 569.

On the merits, it is not shown that the defendants had any knowledge of the assignment of the bill of lading to James Armor. The boxes containing the goods were directed to Henry H. Milly, the purchaser, at Alexandria ; they were put with other packages bearing the same address, and were taken together from the levée to the store of Kirkman, Abernathy &

Hanna, the known agents of Milly in New Orleans, and were by them forwarded to Alexandria, on the next day. It is contended that, as according to the tenor of the bill of lading, the goods were to be delivered to the order of the shipper, Von Wagenan, the consignees of the Huntsville acted illegally in delivering them without the production of the bill of lading. Nothing proves that this fact was made known to the defendants, either by the captain, or by James Armor, the consignee of the goods, at the time they were delivered. After the ship was discharged, James Armor called upon the defendants for the boxes, and exhibited the bill of lading assigned to him. Immediate application was made to Kirkman, Abernathy & Hanna, but the goods had been forwarded to Milly several days before. It further appears that it was even the intention of the shipper that these goods should be delivered to Kirkman, Abernathy & Hanna, and that according to his instructions to James Armor, they were to hold the goods subject to the latter's order, until a note, satisfactorily endorsed, was given by the purchaser. Had James Armor, upon the arrival of the ship, communicated to Milly's agents the condition under which the goods were to remain in their hands, they would not surely have forwarded them, until Milly had made a satisfactory arrangement. Having no such notice, and the goods being apparently the property of Milly, his agents in New Orleans availed themselves of the earliest opportunity to send them to their principal. Several witnesses have testified that it is customary in the forwarding business, when the person to whom goods are to go is known, to forward them by the first safe conveyance, without waiting for the bill of lading, which is sometimes delayed, and sometimes never arrives. The accident, or error, by which these boxes were lost, was in a great measure created by the directions put upon them by the shipper, and the tardiness of the notice given to the defendants, or to Kirkman, Abernathy & Hanna, of the disposition that was to be made of them. We think, upon the whole, with the inferior judge, that, under the circumstances of this case, the defendants should not be made liable for the value of the goods.

*Judgment affirmed.*