### CRANE v. LEWIS, Sheriff.

An attachment will lie, in an action by the purchaser against the vendor, of a slave, alleged to have absconded from the plaintiff and to have returned to the vendor, who harbored him and refused to give him up, to recover the value of the slave, and of his services during his detention, and damages for expenses incurred on demanding him and for counsel fees. *Per Curiam*: The retention of the slave was a violation of the contract of sale; and the responsibility thereby incurred is not diminished or destroyed by an outrage, perhaps a crime, being added to it.

Where a rule has been made absolute against a sheriff, in consequence of the insufficiency of the surety on a bond given for the release of property attached, adjudging him to be bound to the plaintiff in the same manner as the surety was bound, an action will lie against him on the return of a *fi. fa.* against the principal unsatisfied.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. J. N. *Lea*, for the plaintiff. *R. Hunt* and *Grymes*, for the defendant, ap‑ pellant. *Marr*, for the appellant, *Wright*. The judgment of the court *(King,* J. absent,) was pronounced by

EUSTIS, C. J. On the 13th of March, 1848, *Henry Crane*, residing in the city of New Orleans, brought a suit by attachment in the Fourth District court of New Orleans against *J. C. McGrew*, a resident of the State of Alabama. Under the writ of attachment, the sheriff seized certain negroes belonging to *McGrew*, which were delivered to him, on the execution of a bond to the sheriff by *McGrew*, with *Rhodes, Wright & Co.*, as his sureties. On the 14th of June, 1848, the plaintiff obtained judgment against the said *McGrew* for the sum of one thousand and twenty dollars, with interest from date, and a *fi. fa.* having been issued on this judgment, was returned "no property found." The pres‑ ent suit is brought against *John L. Lewis*, the sheriff of the parish of Orleans, to make him liable to pay said judgment, with costs, on the ground that the sureties taken by him on the bond as aforesaid were not solvent and sufficient, and that the plaintiff objected to the said sureties being received, and caused a rule to be taken, as the law provides, against him, the said sheriff, on which he the said sheriff was adjudged to be bound to him, the said plaintiff, in the same manner as

the said surety would have been bound. There was judgment in the District court against the sheriff, and he has appealed.

On the part of this appellant, it is assigned for error: 1st. That the attachment, under which the bond set forth in the record was taken, was illegally and improperly issued, in a case where by law no such writ or process could issue, and that the said plaintiff was entitled to no benefit from said writ, and consequently to no benefit from the bond taken under it. 2d. That no such judgment as was pronounced by the court against this appellant, on the rule taken by the plaintiff, ought to have been rendered against him; because if the bond had been adjudged good and sufficient, the plaintiff would have no remedy upon it, and ought to have none against this appellant.

The point presented in argument, on which this assignment is founded, is, that the original action of *Crane* against *McGrew* was to recover damages for a tort, and that no attachment could legally issue in such a case, under the decision of this court in the cases of *Prewitt* v. *Carmichael*, 2d Annual, 943, *Swagar* v. *Pierce*, 3 An. 435, and *Holmes* v. *Barclay*, ante, p. 63.

It therefore becomes necessary to consider the nature of the action originally instituted by *Crane* against *McGrew*. The plaintiff alledged that *McGrew* was indebted to him in the sum $1200, for that the said *McGrew*, by his attorney in fact, *Robert Anderson Harris*, on the 6th of July, 1846, sold to him, the plaintiff, a certain slave, named *New*, aged about 24 years, for the sum of $550, the receipt of which was acknowledged. That said slave, in the month of November, 1847, absconded and returned to his original master, who received, and has since harbored him, and has refused and still refuses to deliver him up. That the petitioner went to the trouble and expense of travelling to the residence of said *McGrew*, in Alabama, in order to effect the restitution of his slave, but the defendant refused to deliver him up, and still retains him in his possession. For which reasons, the plaintiff charges that the defendant is indebted to him, not only in the value of said slave, alleged to be $900, but for the hire of the slave, during the period of said detention, which the plaintiff estimates at $120; and also for his travelling expenses, loss of time, and counsel fees incident to the suit, all of which are special damages growing out of said unlawful and wrongful detention of said slave, and which amount to $180.

It appears by this petition that the defendant *McGrew* had not only broken his contract with the plaintiff, but committed a tort in harboring and depriving him of the services of his slave; but we do not understand that his responsibility incurred by the former is diminished or merged by an outrage, perhaps a crime, being superadded to it. By the contract of sale warranty against eviction is implied, and, although it is true, as a general rule, that the right of the person evicting should have existed before the sale, yet evictions proceeding from the act of the vendor himself at all times gives rise to the action of warranty. In this case the retention of the slave by the vendor was a violation of the obligation contracted by the contract of sale, *præstare servum habere licere*.

There being sufficient allegations in the petition to sustain the action *ex contractu*, we think the court would not have set aside the attachment on the grounds now presented against its legality, had they been urged on a motion to dissolve it. The evidence taken in the original case is not before us; but, from the judgment itself, it is evident that the sale was considered as the basis of the action, for the judgment rendered in the case decrees the sale to be rescinded, and the opinion of the judge in writing contains the grounds on which it was rescinded.

CRANE
*v.*
LEWIS.

We therefore conclude that the judgment against the appellant, *John L. Lewis,* is not invalid, for the reasons assigned for error.

The district judge, in rendering judgment against the sheriff, gave him direct recourse against *McGrew,* the principal in the bond, and *C. P. Wright,* by whom the bond was signed in the name of *Rhodes, Wright & Co,* as surety. *Wright* also took an appeal, and has assigned for error substantially the same · grounds which have been noticed. It is stated in the printed argument of his counsel that, the only question at issue before the court is, the liability of the surety in a bond given for the release of the property which has been illegally attached. This point having been disposed of, nothing remains but to affirm the judgment of the District court.          *Judgment affirmed.*