Board of School Directors of Union Parish vs. Trimble.

No. 985.

BOARD OF SCHOOL DIRECTORS OF UNION PARISH vs. J. E. TRIMBLE.

The obligation of the Treasurer of the School Board of Union Parish to account for funds received by him in that capacity, is one *ex contractu* and fiduciary in its character, and is only barred by the prescription of ten years.

APPEAL from the Eleventh Judicial District Court, parish of Union. *Graham*, J.

Allen Barksdale, District Attorney, and Geo. A. Killgore, Jr., for Plaintiffs and Appellants :

First—One holding for another cannot plead prescription of any term of years against the demand of the owner for the thing so held. C. C. 3436.

Second—Action to rescind a settlement on account of error or fraud is not prescribed by one year ; only ten years prescribe such an action. C. C. 2221 (2218); 2 A. 443.

Third—Actions against agents and depositaries for *damages* caused by their fraud, or negligence, or mismanagement, are only prescribed by ten years. 7 R. 513, 3 L. 591.

Richardson, McEnery & Young, W. R. Rutland, E. E. Kidd, and John Young for Defendant and Appellee :

An action brought against an officer for the alleged fraudulent withholding of public money in his charge, is an action *ex delicto*. It is the alleged wrong which has been practiced that gives the character to the suit. The prescription of one year applies to such an action. 31 An. 529 ; 3 La. 338 ; 31 An. 567 ; 6 Rob. 382 ; 14 An. 389; 15 An. 418.

A settlement, as between the parties to it, has the force and effect of a judgment. It is an adjudication of the respective claims of the parties in interest.

Where a suit is brought to annul the settlement on the ground of fraud, it must be alleged that the discovery of the fraud practiced was made within one year of the date of filing the suit.

Where error and fraud is alleged to have been practiced in a settlement which has been made, the items of error in the settlement must be specifically alleged and proved. 9 Rob. 119.

The opinion of the Court was delivered by

LEVY, J. The plaintiffs, constituting the Board of School Directors of the parish of Union, instituted suit against J. E. Trimble, on the 22d of September, 1877, in which they sought to annul a settlement made

by the defendant as Treasurer of the School Board of said parish in the year 1875 with the Board then in existence, on the ground that said settlement was false, fraudulent, erroneous, and null and void; and further praying for judgment against defendant for the several sums of $4262 59, $872 57, $763 90, and $10,000, alleged to be due the plaintiffs, in their official capacity, by the defendant ; these sums being alleged as due, not having been legally and properly accounted for by defendant, late Treasurer as aforesaid.    The defendant filed an exception containing two points, first, to the vague and indefinite allegations of fraud and error in the settlement made between the Board of School Directors and defendant, on the 17th of August, 1875, and that the petition did not set forth specific items in which error and fraud occurred, and therefore that the allegations were insufficient to place the defendant upon a defense of what particular items are complained of.    Second, the plea of prescription of one and two years in bar to plaintiffs' demand.

Another exception was filed, averring no cause of action ; there was a motion by defendant to compel plaintiffs to elect, on the ground that several inconsistent actions were cumulated in the same suit or demand. The motion to elect and the exception of no cause of action were overruled and the plea of prescription was sustained, and judgment dismissing the suit at plaintiffs' costs.    From this judgment plaintiff has appealed.

We find no error in the rulings of the court as to the plea of no cause of action and on the motion to elect.    The question for our consideration and decision is, should the plea of prescription be sustained.

The defendant contends that this is an action *ex delicto*, and that the prescription of one year applies thereto ; that the settlement between the parties has the force and effect of a judgment, and that a suit to annul the settlement on the ground of fraud must contain the allegation that the discovery of the fraud was made within one year of the date of filing the suit, and that where error and fraud are alleged as to the settlement, the items of such error must be specifically alleged and proved.

This action is not in our opinion one which arises from an offense or quasi offense.    It is brought to annul a settlement alleged to have been made in fraud and error, by which an officer of the School Board, who was virtually an agent of that Board and received and held funds for them subject to their control and disposition only, is charged with a responsibility and liability for those funds which are retained by him, and withheld from those rightfully entitled to them, under a settlement or transaction averred to be fraudulent and erroneous.    The obligation of the defendant, independent of that created by his official bond, was

one *ex contractu*, or an implied contract, and the violation of any of the duties or obligations arising therefrom, renders him liable, and an action therefor is only prescribed in ten years. The obligation may exist without the bond ; it springs out of the relation which defendant bore to the plaintiffs, fiduciary in its character, and not falling under the prescription claimed by defendant. We do not think the decision in 31 An. 567, City of New Orleans vs. Southern Bank, controls the question in this case or is applicable to it. The Court there says : " The characteristic, therefore, of offense or quasi offense is that the act from which the obligation arises is unlawful. The marked distinction, then, between a quasi contract and an offense or quasi offense, is that the act which gives rise to a quasi contract is a lawful act, and therefore is permitted ; while the act which gives rise to an offense or quasi offense is unlawful, and therefore is forbidden." " The distinction between damages *ex delicto* and *ex contractu* is, that the latter ensue from the breach of a special obligation, and the former from the violation of a general duty." In that case the Court observed " that Dubuclet (State Treasurer) was to receive only money, and he did not receive money, but bonds, and his act was therefore unlawful, and is an offense or quasi offense." In this case the defendant did receive moneys, which he had a right to receive, and his act was therefore lawful, and being a " lawful act," and " permitted," gives rise to a quasi contract. In the case of Wood et al. vs. Foster, 3 La. 338, it is shown that " the complaint of the plaintiffs is that their property was *illegally taken possession of* by a commercial firm, of which the defendant is the surviving partner. The suit in this respect seems to be intended to enforce the performance of an obligation *not arising from a contract either express or implied by law*, but one created by the acts of Foster & Hutton, injurious to the plaintiffs, without relation to any agreement ; a consequence of an act by which they were deprived of the enjoyment and possession of their property ; an injury done not in violation of any contract or quasi contract, but by illegal conduct in taking property without the consent of those who allege themselves to have been owners."

As we have before said, the cause of action herein is not *ex delicto*, but we regard it as being *ex contractu*, or on an implied contract, and we are sustained in our views as to the non-applicability of the plea of prescription made by the defendant in this case. The case of Mulford vs. Wimbish, 2 An. 443, conclusively establishes the prescription which applies to actions for the nullity or rescission of agreements. The Court held : " The prescription established by article 2218 relates to cases of error, fraud, or violence in agreements which are expressly included in it." And " this article 2218 relates to the action of nullity or of rescission of agreements, and provides that in all cases in which either action

is not limited to a shorter period by a particular law, it may be brought within ten years." 20 An. 151; 9 Rob. 396; 11 An. 554; 21 An. 492.

In the case of Percy and others vs. White and others, reported in 7 Rob. 513, it appears that certain stockholders of the Planters' Bank of Louisiana instituted suit against the defendants, who had been directors of the bank, charging defendants with fraud and negligence in the discharge of their duties as directors, whereby the institution was ruined and the stock lost, and the Court held "this is an action of damages *ex contractu* against mandataries;" and, holding that more than ten years had elapsed since any act which proved injurious to the interests of the stockholders, sustained the plea of prescription. See, also, 7 Rob. 369.

We think the lower court erred in sustaining the plea of prescription made by the defendant.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed; that the plea of prescription of one and two years be overruled, and that this case be remanded to be proceeded with according to law, and that the appellee herein do pay the costs of this appeal.