WATERALL v. W. I. SWAIN SHOW CO., INC., ET AL.

(May 18, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

Buck, Walshe and Buck, and Walter M. Barnett, Jr., of New Orleans, attorneys for plaintiff, appellee.

W. O. Hart, of New Orleans, attorney for J. H. LaBesque, defendant, appellant.

JONES, J. Plaintiff, an itinerant actor, temporarily in this city, sued defendant on March 7, 1925, for two trunks valued at $1,000. The trunks were sequestered upon plaintiff's furnishing bond in the sum of $1,500.

On the 18th day of March defendant answered, denying the allegations of plaintiff, and, as plaintiff in reconvention, averred that plaintiff was indebted to it in the sum of $129.86 for money advanced and that it had a lien on the trunks to secure this indebtedness.

On the same day, under order of court, a release bond for $500 was furnished by plaintiff to sheriff, and the trunks were delivered to plaintiff.

On March 5, 1926, judgment was rendered in favor of defendant, plaintiff in reconvention, in the amount claimed, $129.86, with interest and costs, and with recognition of lien on the property sequestered.

On May 7, 1926, a writ of fieri facias was issued and on May 13 said writ was returned by the sheriff endorsed "nulla bona."

On June 4 a motion was filed by defendant, plaintiff in reconvention, setting forth above facts and averring that sheriff had never properly transferred the bond, and asking that the present sheriff and his predecessor in office, LaBesque, show cause why they should not turn over to plaintiff in reconvention the property sequestered, or the security represented by the release bond in the sum of $129.86.

LaBesque excepted to the rule on the ground that the proceeding had been improperly brought, as he was no longer in office and that, if defendant had any claim against him, it must be brought by direct action; then, in the event this exception was overruled, he further excepted on the ground that the motion showed no cause of action against him; in the event that both objections were overruled, he filed a general denial.

On the trial of the rule, it was shown that the surety on release bond was also an itinerant actor who had been here only temporarily, and the judge made the rule absolute against both defendants, Hartson and LaBesque, directing them to turn over the trunks to plaintiff, and, in the event of their failure to do so, he gave judgment in favor of plaintiff in rule against LaBesque in the full sum of $129.83, with legal interest from March 17, 1925, until paid.

From this judgment LaBesque has appealed suspensively to this court, and he has filed here a plea of prescription of one year.

The record contains the release bond, which shows the following indorsement, made on June 26, 1926:

"TRANSFER
"STATE OF LOUISIANA,
"OFFICE CIVIL SHERIFF,
"PARISH OF ORLEANS.
"New Orleans, June 26, 1926.

"I do hereby transfer, assign and set over to Defendant herein, all my right,

title and interest in and to the within bond.

"(Signed) J. H. LaBesque,
"Late Civil Sheriff for the
Parish of Orleans."

It is thus seen that this transfer was made three and one-half months after judgment was obtained.

Under Articles Nos. 225, 227, 229 and 279 of the Code of Practice, and under Civil Code, Article No. 3042, the sheriff may release property sequestered by plaintiff upon his furnishing a forthcoming bond with a surety possessing property sufficient to cover the obligation, whose domicile must be *in the jurisdiction of the court.*

Under Act 6 of 1894 the sheriff had the right, before accepting the surety, to have his solvency and his qualifications passed upon by the court and thus relieve himself of responsibility.

Under Section 2 of Act 109 of 1880, it was the duty of the sheriff, upon his depositing the forthcoming bond in the clerk's office, to give notice in writing to the parties in the proceedings or their attorneys, so that either party might test the sufficiency of the surety within twenty days from date.

Upon the trial of the rule the burden was on the sheriff to show that he had complied with the law and given the proper notice. Instead of bearing the burden he proved that he had violated the law by taking as surety on a forthcoming bond an itinerant actor who was not domiciled in the parish.

As no notice was given by sheriff of the deposit of the bond, and as the bond was not assigned until the rule had been taken against him, after fi. fa. was returned "nulla bona," the sheriff made himself liable for the property released. See Articles 279 and 280, Code of Practice.

The sheriff, by failing to give notice and assign the bond, omitted to perform an obligation imposed on him by law. Such an obligation is not prescribed by one year, but two years. See:

Board School Directors, Union Parish v. Trimble, 32 La. Ann. 793;

Howell vs. Cronan, 31 La. Ann. 247;

Crane vs. Lewis, 4 La. Ann. 320.

La. Digest, Vol. VI, p. 718:

"The prescription in favor of sheriffs against their acts of misfeasance, nonfeasance, etc., * * * is two years from the day of the omission or commission complained of.—Rev. Statutes, Sec. 3546; Mulhollan vs. Henderson, 3 Rob. 297; Kohler vs. Walden, 23 La. Ann. 299, 300; Hugh vs. Hernandez, 25 La. Ann. 360; Succ. of McCloskey, 32 La. Ann. 146."

Section 3580, Revised Statutes, quoted by appellant, applies to indemnifying bonds given by third parties to the sheriff, where their property is illegally seized. It has no application to forthcoming bonds.

The only proof of value of the trunks is the affidavit of plaintiff that they were worth $1,000, but there is no countervailing proof, and as the act of the sheriff in surrendering the trunks without notice to plaintiff's attorney rendered further proof impossible at the time, the record justifies the conclusion that their value was sufficient to sustain the judgment herein.

For above reasons the judgment is affirmed.